FILED: QUEENS COUNTY CLERK 03/22/2017 11:46 AM
NYSCEF DOC. NO. 1

INDEX NO. 703843/2017
RECEIVED NYSCEF: 03/22/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

LIBERTY MUTUAL FIRE INSURANCE COMPANY, as subrogee of Bollinger Fitness, LLC,

     Plaintiff,

-against-

BRG SPORTS, INC., BELL SPORTS, INC., and VISTA OUTDOOR INC.,

     Defendants.

Plaintiff designates Queens County as the place of trial

**SUMMONS**

Index No.: 703843/2017

TO THE ABOVE NAMED DEFENDANTS:

  **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the plaintiff's attorneys within 20 days after the service of this Summons, exclusive of the date of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demand in the Complaint.

Dated: White Plains, New York
   March 22. 2017

Yours, etc.,

JAFFE & ASHER LLP

By_____
Marshall T. Potashner, Esq.
Glenn P. Berger, Esq.
Attorneys for Plaintiff
LIBERTY MUTUAL FIRE INSURANCE COMPANY, as subrogee of Bollinger Fitness, LLC
405 Hamilton Avenue, Suite 405
White Plains, New York 10601
(212) 687-3000

1

FILED: QUEENS COUNTY CLERK 03/22/2017 11:46 AM
NYSCEF DOC. NO. 1

INDEX NO. 703843/2017
RECEIVED NYSCEF: 03/22/2017

TO: BRG SPORTS, INC.
9801 West Higgins Road
Rosemont, Illinois 60018

BELL SPORTS, INC.
5550 Scotts Valley Drive
Scotts Valley, California 95066

VISTA OUTDOOR INC.
262 North University Drive
Farmington, Utah, 84025

FILED: QUEENS COUNTY CLERK 03/22/2017 11:46 AM
NYSCEF DOC. NO. 1

INDEX NO. 703843/2017
RECEIVED NYSCEF: 03/22/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------x
LIBERTY MUTUAL FIRE INSURANCE
COMPANY, as subrogee of Bollinger
Fitness, LLC,

                      Plaintiff,

  -against-

BRG SPORTS, INC., BELL SPORTS, INC.,
and VISTA OUTDOOR INC.,

                      Defendants.
-----------------------------------------------------------------x

Index No. 703843/2017

**COMPLAINT**

M A D A M S/S I R S:

        Plaintiff LIBERTY MUTUAL FIRE INSURANCE COMPANY ("Liberty Mutual"), as subrogee of Bollinger Fitness, LLC, by its attorneys, JAFFE & ASHER LLP, as and for its Complaint against defendants BRG SPORTS, INC. ("BRG SPORTS"), BELL SPORTS, INC. ("BELL SPORTS"), and VISTA OUTDOOR INC. ("VISTA"), alleges as follows:

## THE PARTIES

        1.    At all times hereinafter mentioned, Liberty Mutual was, and still is, a stock insurance company organized under the laws of the State of Wisconsin, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.

        2.    At all times hereinafter mentioned, Liberty Mutual was, and still is, an insurance company duly authorized to conduct business within the State of New York.

3. Upon information and belief, at all times hereinafter mentioned, BRG SPORTS was and still is a foreign corporation, with its principal place of business located at 9801 West Higgins Road, Rosemont, Illinois 60018.

4. Upon information and belief, at all times hereinafter mentioned, BRG SPORTS transacts business in the State of New York.

5. Upon information and belief, at all times hereinafter mentioned, BELL SPORTS was and still is a foreign corporation organized under the laws of the State of California, with its principal place of business located at 5550 Scotts Valley Drive, Scotts Valley, California 95066.

6. Upon information and belief, at all times hereinafter mentioned, BELL SPORTS transacts business in the State of New York.

7. Upon information and belief, at all times hereinafter mentioned, VISTA was and still is a foreign corporation organized under the laws of the State of Delaware, with its principal place of business located at 262 North University Drive, Farmington, Utah, 84025.

8. Upon information and belief, at all times hereinafter mentioned, VISTA transacts business in the State of New York.

9. Upon information and belief, BRG SPORTS is a successor entity to BELL SPORTS.

10. Upon information and belief, at all times hereinafter mentioned, BELL SPORTS is a division of BRG SPORTS.

2

FILED: QUEENS COUNTY CLERK 03/22/2017 11:46 AM
NYSCEF DOC. NO. 1

INDEX NO. 703843/2017
RECEIVED NYSCEF: 03/22/2017

11. Upon information and belief, VISTA is a successor entity to BRG SPORTS, and in turn, BELL SPORTS.

12. Upon information and belief, at all times hereinafter mentioned, BRG SPORTS is a division of VISTA.

### SUBSTANTIVE ALLEGATIONS

13. Liberty Mutual brings this claim as subrogee of Bollinger Fitness, LLC ("Bollinger").

14. On or about April 1, 2014, Joseph McDonald ("McDonald") commenced an action entitled Joseph McDonald v. Bollinger Fitness, LLC and Modell's Sporting Goods, Inc., Index No. 5096/2014, in the Supreme Court of the State of New York, County of Queens (the "Underlying Action").

15. In the Underlying Action, McDonald alleges that, on or about January 16, 2013, he was caused to sustain personal injuries through, *inter alia*, the negligence of Bollinger and Modell's Sporting Goods, Inc.

16. Liberty Mutual issued a Commercial General Liability Policy, No. YV2-Z91-461368-023, with a policy period from August 31, 2013, to August 31, 2014, to Bollinger as a Named Insured (the "Liberty Policy").

17. The Liberty Policy provides, in relevant part, as follows:

> **8. Transfer Of Rights Of Recovery Against Others To Us**
>
> If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our

3

request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

18. Bollinger tendered the defense and indemnity to Liberty Mutual, and Liberty Mutual accepted such defense and indemnity, pursuant to the terms of the Liberty Policy.

19. In the Underlying Action, Bollinger and Modell's Sporting Goods, Inc. brought a third-party action against BRG SPORTS and BELL SPORTS for indemnification and breach of warranty arising out of an Asset Purchase Agreement dated April 9, 2012 (the "APA").

20. Pursuant to the APA, BELL SPORTS sold to Bollinger its right, title and interest in a fitness products business (defined therein as the "Fitness Business"), including certain resistance band product lines that it had designed.

21. BELL SPORTS failed to disclose to Bollinger during the sale that certain resistance bands had been recalled, including a resistance band alleged to have been the cause of injury to the plaintiff in the Underlying Action.

22. The APA contained certain representations and warranties, and a provision whereby BELL SPORTS agreed to indemnify Bollinger for claims such as those set forth in the Underlying Action.

23. Pursuant to the terms of the Liberty Policy, Liberty Mutual provided a defense to Bollinger for the Underlying Action and incurred the sum of $137,284.73 for said defense.

4

24. On or about February 15, 2007, pursuant to the terms of the Liberty Policy, Liberty Mutual paid the sum of $600,000 toward the settlement of the Underlying Action.

25. By virtue of these costs and payments, by the terms of the Liberty Policy, and by operation of law, Liberty Mutual has been subrogated to the rights of Bollinger and is a subrogee of Bollinger herein.

## AS AND FOR A FIRST CAUSE OF ACTION

26. Liberty Mutual repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" though "25" of this Complaint as if more fully set forth herein.

27. In 2012, BELL SPORTS sold certain resistance band product lines which it had designed to Bollinger but failed to disclose during the sale that certain resistance bands had been recalled.

28. Article Three of the APA enumerates certain representations and warranties made by BELL SPORTS, including the following:

> 3.1 Seller represents and warrants to Purchaser that the following are true and correct as of the date hereof and/or will be at Closing, with the knowledge that purchaser in purchasing the assets described in 1.1 herein in full reliance thereon:
>
> * * *
>
> (b) Seller has good and marketable title to the Fitness Business and the Assets and will convey the same to Purchaser free and clear of all liens, claims and encumbrances whatsoever;
>
> * * *

5

(f) Seller has complied with all applicable laws, rules and revelations (including but not limited to, all Federal, State and local environmental laws, rules and regulations) of the city, county, state and federal government having jurisdiction over Seller, its employees and the Fitness Business;

(g) No approval, consent or filing with any court, governmental body or agency or other entity or person is required in connection with the Seller's consummation of the transactions contemplated hereby or the signing, delivery or performance by Seller of this agreement or any other agreement or document to be delivered hereunder by or on behalf of Seller;

(h) Seller is not in default with respect to any judgment, order, writ, injunction or decree of any court or administrative agency; and

(i) Seller is not in default in any respect under any of the contracts, agreements, leases, documents or other commitments to which it is a party or is otherwise bound; .
. . .

29. BELL SPORTS breached the enumerated representations and warranties by selling to Bollinger product lines and designs that had been recalled.

30. As a result of BELL SPORTS breach of representations and warranties, the Underlying Action was commenced against Bollinger, and Liberty Mutual, as subrogee of Bollinger, incurred costs to defend and settle the Underlying Action.

31. As a result of such breach, Bollinger, as subrogor, and Liberty Mutual, as subrogee, have suffered damages in the amount of $737,284.73, plus interest.

6

## AS AND FOR A SECOND CAUSE OF ACTION

32. Liberty Mutual repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" though "31" of this Complaint as if more fully set forth herein.

33. BELL SPORTS failed to disclose to Bollinger that certain resistance bands it had sold to Bollinger had been recalled.

34. Article Five of the APA contains an indemnification provision requiring the seller, i.e., BELL SPORTS to defend and indemnity the purchaser, i.e., Bollinger.

35. Specifically, Article Five reads in part as follows:

5.1 Indemnification by Seller. Seller shall defend, indemnity Purchaser and its members, managers, officers and employees against and hold them harmless from:

(a) All liability, loss, damage or deficiency resulting from or arising out of any inaccuracy in or breach of any representation, warranty, covenant or obligation made or incurred by Seller herein or in any other agreement, instrument or document delivered by or on behalf of Seller in connection herewith; and

(b) All liability, loss, damage or deficiency resulting from or arising out of the conduct of the Fitness Business by Seller prior to the Closing and during the Transition period.

36. BELL SPORTS has breached certain representations and warranties by failing to disclose the recall.

37. Under the terms of the APA, BELL SPORTS was contractually obligated to defend and indemnity Bollinger in the Underlying Action.

7

FILED: QUEENS COUNTY CLERK 03/22/2017 11:46 AM
NYSCEF DOC. NO. 1

INDEX NO. 703843/2017
RECEIVED NYSCEF: 03/22/2017

38. In breach of the APA, BELL SPORTS, and BRG SPORTS and VISTA as successors, have failed and refused to indemnify Bollinger for the Underlying Action.

39. As a result of BELL SPORTS, BRG SPORTS and VISTA's breach of their contractual duty to indemnify Bollinger, the Underlying Action was commenced against Bollinger, and Liberty Mutual, as subrogee of Bollinger, incurred costs to defend and settle the Underlying Action.

40. As a result of such breach, Bollinger, as subrogor, and Liberty Mutual, as subrogee, have suffered damages in the amount of $737,284.73, plus interest.

**WHEREFORE**, plaintiff LIBERTY MUTUAL FIRE INSURANCE COMPANY demands judgment as follows:

A. On the first cause of action, a monetary judgment in favor of plaintiff LIBERTY MUTUAL FIRE INSURANCE COMPANY and against defendants BRG SPORTS, INC., BELL SPORTS, INC. and VISTA OUTDOOR INC., jointly and severally, in the sum of $737,284.73, plus interest;

B. On the second cause of action, a monetary judgment in favor of plaintiff LIBERTY MUTUAL FIRE INSURANCE COMPANY and against defendants BRG SPORTS, INC., BELL SPORTS, INC. and VISTA OUTDOOR INC., jointly and severally, in the sum of $737,284.73, plus interest; and

C. Granting plaintiff LIBERTY MUTUAL FIRE INSURANCE

8

COMPANY recovery of the costs and disbursements of this action, together with such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
       March 22, 2017

Yours, etc.,

JAFFE & ASHER LLP

By: _____
   Marshall T. Potashner, Esq.
Attorneys for Plaintiff
LIBERTY MUTUAL FIRE INSURANCE COMPANY
405 Hamilton Avenue, Suite 405
White Plains, New York 10601
(212) 687-3000
MPotashner@Jaffeandasher.com

9